Cannon vs. Henry and another.

CANNON, Respondent, vs. HENRY and another, Appellants.

*November 8 — November 25, 1890.*

*Authority of agent: Evidence.*

1. A walking boss who was the representative of the principal contractors in the building of a railroad and superintended the work for them, having authority to compel the subcontractors to keep a sufficient number of men on the work to fulfil their contracts, could bind his principals to pay the board bills of laborers for whom he secured board.

2. Testimony tending to show, among other things, that such walking boss promised the plaintiff to see that such board bills were paid; that in so doing he was acting for his principals, though he did not name them; and that the plaintiff dealt with him as an agent only, giving credit for the board solely to the principals — is *held* to sustain a finding that the agent promised on behalf of his principals to pay the board bills.

APPEAL from the Circuit Court for *Ashland* County.

This action was brought to recover the board bills of certain laborers, for which bills plaintiff claims the defendants are liable.

In 1887 the defendants were engaged in constructing a spur track for the Lake Shore Railroad Company, at Cale-

donia, and had let the contract to do the work to other parties. One McQuade was employed by defendants to superintend the work on the track. He was called their walking boss. It was his duty to see that the subcontractors did their work according to their contract with defendants, and that they had a sufficient number of men on the work to fulfil the contract and carry out the instructions of the engineer. The testimony tends to prove that McQuade brought a number of laborers to plaintiff (who kept a boarding-house at Caledonia), requested him to furnish them board, and promised to see that he was paid therefor; that McQuade afterwards repeated such promise as to the board of several of the men who were not then at work, and requested plaintiff to keep them until their camps were built, saying they were going up the line of the railroad; also that he promised plaintiff such board bills should be deducted from the pay of the men and paid to plaintiff. No special authority to McQuade to bind defendants to pay such board bills was proved. One of the defendants testified he had no such authority. The testimony further tends to show that the board bills of some of the men employed by the subcontractors on the track were kept out of their wages, and paid by defendants to plaintiff. Defendants refused to pay plaintiff for the board of the men (or at least some of them) whom it is alleged McQuade thus engaged plaintiff to board, and for which board he agreed to see plaintiff paid. Plaintiff testified that he gave credit for such board solely to the defendants, for whom McQuade was acting in the matter. The court submitted to the jury the questions: (1) Did McQuade promise on behalf of defendants to pay such board bills, and (2) Had he apparent authority to bind defendants by such promise?

Verdict and judgment for plaintiff. There is no question as to the amount of recovery, if defendants are liable. The defendants appeal from the judgment.

The cause was submitted for the appellants on the brief
of *Tomkins, Merrill & Smith*, and for the respondent on
that of *Sleight & Foster*.

Lyon, J.    Two questions are presented by this appeal for
determination.    The first of these is, Did McQuade prom-
ise on behalf of defendants to pay the board bills in contro-
versy?    It does not appear that he named his principals,
the defendants, as the parties who were to pay the bills.
The testimony only tends to show that he said he would
pay them or, what is the same thing, would see them paid.
But he was acting for the defendants in the business and
not for himself, and whatever he said or did on that occa-
sion was in their behalf.    The plaintiff was not dealing with
him personally, but was dealing with the defendants through
him as their agent, with full knowledge that they alone
were interested in the transaction.    We find no difficulty
in holding the testimony sufficient to support a finding that
McQuade promised the plaintiff, on behalf of defendants, to
pay the board bills of these men.

The other question is, Was it within the scope of
McQuade's authority as agent for defendants, to bind them
by such promise?    The question must be answered in the
affirmative.    He was the representative of the defendants
in the building of the spur track, and superintended the
work for them.    He had authority to compel the subcon-
tractors to keep sufficient men on the work to fulfil their
contracts with defendants.    If, to do this effectually, it was
necessary to pledge his principals to pay the board bills of
the laborers (and it must be assumed that it was), he had
apparent if not actual authority to charge the defendants
with such liability.    In other words, he acted within the
scope of his authority as agent of defendants when he
promised, in their behalf, to pay the board bills.    All this
is elementary law.

The charge of the court to the jury accords with the foregoing views, and none of the exceptions thereto are well taken.

*By the Court.*— The judgment of the circuit court is affirmed.